O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHADALE L. WILLIAMS,** | NO. CV 14-4165-TJH (MAN) |
| Petitioner, | |
| v. | **ORDER DISMISSING PETITION WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABIILITY** |
| **LOS ANGELES SUPERIOR COURT,** | |
| Respondent. | |

On May 30, 2014, a 28 U.S.C. § 2254 habeas petition submitted by Petitioner was filed in this Court ("Petition"). The Petition alleges that Petitioner is presently facing criminal charges in Los Angeles Superior Court Case No. MAO55549, in which he is charged with murder (the "Pending Criminal Case").[1] Petitioner alleges that he has not filed an appeal or any other proceeding in the state courts with respect to his present claims (described below) or the Pending

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of its records in Petitioner's earlier actions brought in this district. Those records show that Petitioner presently is serving a Three Strikes sentence of 30 years to life following a 1997 conviction for assault with intent to commit rape. He alleges in the instant Petition that he has been charged with violating California Penal Code § 187(a) (murder) and § 4500 (prescribing the sentence for a prisoner who, while serving a life sentence and with malice aforethought, commits an assault upon another with a deadly weapon or instrument or by means of force likely to produce great bodily injury). It is unclear whether the Pending Criminal Case is proceeding as a capital case.

Criminal Case.

Although the allegations of the Petition are difficult to follow, it appears Petitioner complains that, during the course of the Pending Criminal Case: he has exercised his right to self-representation but has been denied a private investigator and adequate library access (Ground One); the prosecution has obtained a continuance despite Petitioner's speedy trial objection (Ground Two); on May 1, 2014, the trial judge declined to accept Petitioner's request to withdraw his not guilty plea and substitute a nolo contendere plea (Ground Three); and based upon the trial judge's May 1, 2014 ruling, Petitioner decided to file a "Waiver of Presence," by which he waived his constitutional right to be present at trial and his related constitutional rights, and as a result his decision to file this document, he is being deprived of his rights to a fair trial and to be present at trial (Ground Four). Petitioner seeks as relief a "writ of prohibition/mandamus" directed to the Pending Criminal Case and directing the state trial court to rectify the above alleged constitutional errors.

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court has reviewed, and takes judicial notice of, the electronic dockets for the California Court of Appeal and the California Supreme Court.[2] Those judicially-noticed records show that Petitioner has not filed any proceeding in the California Court of Appeal since November 16, 2006 (Case No. B194952, habeas petition), and in the California Supreme Court since December 15, 2009 (Case No. S178764, habeas petition). Thus, the Court has confirmed the correctness of Petitioner's allegation in the Petition that he has not sought any state relief with respect to the Pending Criminal Case and the subject-matter of the Petition.

///
///
///

---

[2] Available at http://appellatecases.courtinfo.ca.gov.

2

**THE THRESHOLD JURISDICTIONAL ISSUE**

As federal courts are courts of limited jurisdiction, a plaintiff bears the burden of establishing that his case is properly in federal court. Kokkonen v. Guardian Life Ins. Co., 114 S. Ct. 1673, 1675 (1994); In re Ford Motor Co./Citibank (South Dakota), N.A., 264 F.3d 952, 957 (9th Cir. 2001). Federal courts "are empowered to hear and determine only such causes as Congress has by statute provided." Van Buskirk v. Wilkinson, 216 F.2d 725, 737 (9th Cir. 1954).

28 U.S.C. § 2241 "provides generally for the granting of writs of habeas corpus by federal courts, implementing 'the general grant of habeas authority provided by the Constitution.'" Frantz v. Hazey, 533 F.3d 724, 735 (9th Cir. 2008) (*en banc*) (*quoting* White v. Lambert, 370 F.3d 1002, 1006 (9th Cir. 2004)). "Section 2241 confers jurisdiction on a district court to issue a writ of habeas corpus when a federal or state prisoner establishes that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" White, 370 F.3d at 1006 (*quoting* 28 U.S.C. § 2241(a) and (c)(3)). Section 2241 implements a general grant of habeas corpus authority for a person in custody "for some other reason, such as pre-conviction custody, custody awaiting extradition, or some other forms of custody that are possible without a conviction." *Id.*

As noted above, the Petition has been brought pursuant to 28 U.S.C. § 2254. However, because Petitioner has not yet sustained a state court conviction in the Pending Criminal Case, Section 2241, rather than Section 2254, governs this case. Section 2254(a) confers jurisdiction on a district court to issue "a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." "'By contrast, the general grant of habeas authority in § 2241 is available for challenges by a state prisoner who is not in custody pursuant to a state court judgment — for example, a defendant in pre-trial detention or awaiting extradition.'" Stow v. Murashige, 389 F.3d 880, 886 (9th Cir. 2004) (*quoting* White); *see also* McNeeley v. Blanas, 336 F.3d 822, 824 & n.1 (9th Cir. 2003) (allowing a California pre-trial

detainee asserting a speedy trial claim to proceed under Section 2241).

## ABSTENTION IS REQUIRED

Only a limited number of pre-trial challenges have been found cognizable under Section 2241. Generally, pre-trial habeas challenges have been allowed only when a state defendant contends he is being deprived of his right to a speedy trial or the Double Jeopardy Clause will be violated if he is tried. *See, e.g.*, Braden v. 30th Judicial Circuit Court, 93 S. Ct. 1123, 1126-28 (1973) (speedy trial); McNeeley, 336 F.3d at 824 n.1 (speedy trial); Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th Cir. 1992) (double jeopardy). However, even when a habeas challenge to a pre-trial situation states what could be a claim of constitutional error, this does not mean that the claim should be considered by a federal habeas court while the state criminal case is pending.

The Supreme Court has made clear that "federal habeas corpus does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden, 410 U.S. at 489, 93 S. Ct. at 1127 (citation omitted); *see also* Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir. 1980) (observing that Braden "reaffirmed the established rule that federal adjudication of an affirmative defense prior to a state criminal trial" violates the Younger abstention doctrine[3] and is "prohibited by principles of comity unless the petitioner could show that 'special circumstances' warranted federal intervention"). In Brown v. Ahern, 676 F.3d 899, 903 (9th Cir. 2012), the Ninth Circuit confirmed that abstention principles require a federal court to abstain from exercising habeas jurisdiction when the petitioner seeks relief based on an affirmative defense to the state prosecution, and the only exceptions to that rule are (a) when a prosecution is proven to be undertaken in bad faith and is baseless or (b) when extraordinary circumstances exist and irreparable injury is shown.

---

[3] *See* Younger v. Harris, 91 S. Ct. 746 (1971).

Petitioner's allegations fail to surmount these requirements. Younger and its progeny reflect a longstanding public policy against federal court interference with pending state court proceedings. See Green v. City of Tucson, 255 F.3d 1086, 1094 (9th Cir. 2001) (*en banc*); H.C. v. Koppel, 203 F.3d 610, 613 (9th Cir. 2000). Principles of comity and federalism require federal courts to abstain from interfering with ongoing state criminal proceedings, absent extraordinary circumstances that create a threat of irreparable injury. Younger, 401 U.S. at 43-45, 91 S. Ct. at 750-51. Younger abstention applies to both attempts to preclude and/or stay criminal prosecution *in toto* and attempts to obtain more limited or piecemeal intervention in state criminal actions. *See, e.g.,* Kugler v. Helfant, 421 U.S. 117, 130, 95 S. Ct. 1524, 1533 (1975) (federal courts should not "intervene piecemeal to try collateral issues" in state criminal prosecutions, such as a request to enjoin the admission of evidence); Dubinka v. Judges of the Superior Court, 23 F.3d 218, 223 (9th Cir. 1994) (a request to enjoin enforcement of a criminal discovery statute and to suppress evidence obtained under that statute could not be entertained).

The concerns that motivate the Younger doctrine preclude this Court from granting Petitioner habeas relief and require dismissal of this action. Criminal charges are pending against Petitioner in state court, and the State of California's interest in prosecuting individuals charged with violating its laws is indisputable. Kelly v. Robinson, 107 S. Ct. 353, 361 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.") (citing Younger). The issues Petitioner raises in the instant Petition, if cognizable as constitutional claims,[4] are matters of affirmative defense and can be raised within his pending criminal case and on state appeal should he be convicted; thus, he has an opportunity to raise his constitutional claims in state court. *See* Dubinka, 23 F.3d at 224 (the existence of an opportunity to raise federal claims in state proceedings requires abstention).

---

[4] At least some of Petitioner's claims are of questionable validity. For instance, Petitioner's claim in Ground Four -- that he is being deprived of his federal constitutional presence rights because *he* has opted to waive his presence at trial -- is facially meritless.

Critically, the Petition does not contain any allegations that plausibly could be construed to raise issues of bad faith, harassment, extraordinary circumstances, and/or irreparable injury. The Petition does not set forth any reason for this Court to disregard comity and interfere in an ongoing state criminal case. As no "special circumstances" have been alleged, Petitioner's allegations do not merit federal intervention, and comity dictates that this Court not interfere in his state criminal proceeding. *See* Braden, 410 U.S. at 489, 93 S. Ct. at 1127 (a petitioner seeking pre-conviction habeas relief under Section 2241 must await the outcome of his state proceedings before seeking federal habeas relief absent "special circumstances"); *see also* Brown, 767 F.3d at 903 (holding that abstention over pretrial detainee's speedy trial claim was required); Carden, 626 F.2d at 83 (same).

In addition, even if abstention were not required, dismissal would be appropriate due to Petitioner's failure to exhaust his claims. While there is no statutory exhaustion requirement for Section 2241 actions, federal courts have imposed a prudential exhaustion requirement. "The rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity" and is "not limited to challenges to the validity of state court convictions." Preiser v. Rodriguez, 93 S. Ct. 1827, 1837 (1973); *see also* Carden, 626 F.2d at 83 (in Section 2241 cases, "[a]s an exercise of judicial restraint," "federal courts elect not to entertain habeas corpus challenges to state court proceedings until habeas petitioners have exhausted state avenues for raising federal claim[s]").

In Braden, the Supreme Court permitted the petitioner (a state defendant awaiting a delayed trial) to proceed under Section 2241, because he sought to force a trial rather to than have charges against him dismissed and he had "exhausted all available state remedies as a prelude to [his federal habeas] action" by repeatedly presenting his speedy trial violation claim to the state courts and demanding a trial. As a result, no "legitimate interest of federalism" was jeopardized by allowing him to seek Section 2241 relief. 93 S. Ct. at 1127-28 (emphasizing the critical function played by the exhaustion requirement). Here, given Petitioner's failure to seek

*any* relief in the California Court of Appeal and the California Supreme Court, the opposite conclusion follows. Federalism and comity concerns preclude Petitioner's attempt to proceed in federal court without first affording the state courts the opportunity to consider his claims and provide any relief that is appropriate.

Accordingly, for the foregoing reasons, it is ORDERED that the Petition be DISMISSED WITHOUT PREJUDICE.[5]  In addition, the Court concludes that a certificate of appealability is

---

[5]   On May 30, 2014, Petitioner filed a signed and dated "Election Regarding Consent To Proceed Before A United States Magistrate Judge." (*See* Docket No. 3.) Petitioner checked the box stating, "Yes, I voluntarily consent to have a United States Magistrate Judge conduct all further proceedings in this case, decide all dispositive and non-dispositive matters, and order the entry of final judgment."

"Upon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). Petitioner is the only "party" to the proceeding to date, and he has consented to the jurisdiction of the undersigned United States Magistrate Judge. Respondent has not yet been served with the Petition and, therefore, is not yet a party to this action. *See, e.g.,* Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("'A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.'"). When, as here, the petitioner has consented to magistrate judge jurisdiction and the respondent has neither been served with process nor appeared in the action, a magistrate judge may properly exercise consent jurisdiction over the case pursuant to Section 636(c)(1), including by ordering that dismissal of the action is warranted. Wilhelm v. Rotman, 680 F.3d 1113, 1119–21 (9th Cir. 2012) (holding that a magistrate judge had jurisdiction to dismiss a prisoner's 42 U.S.C. § 1983 action, *sua sponte* and pursuant to 28 U.S.C. § 1915A screening, when the prisoner checked the box on a consent form that read "The undersigned hereby voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case," and no defendant had yet been served in the action). *See also* Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants. However, because they had not been served, they were not parties to this action at the time the magistrate entered judgment. Therefore, lack of written consent from the defendants did not deprive the magistrate judge of jurisdiction in this matter."); Olivar v. Chavez, 2013 WL 4509972, at *2 (C.D. Cal. Aug. 23, 2013) (Case No. CV 13-4112) (finding that a magistrate judge may dismiss a habeas petition with prejudice as untimely when the petitioner had consented to have a magistrate judge conduct all case proceedings in the case and respondent had not been served); Brown v. Baca, 2013 WL 502252, at *1 n.2 (C.D. Cal. Feb. 8, 2013) (Case No. CV 13-745) (finding that a magistrate judge had jurisdiction to summarily dismiss

unwarranted in this case, because Petitioner has failed to make a substantial showing of the denial of a constitutional right and, under the circumstances, jurists of reason would not disagree with the Court's determination with respect to the issues of abstention and exhaustion. Thus, a certificate of appealability is DENIED.[6]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 4, 2014.

*Margaret A. Nagle*
MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

---

a Section 2241 petition brought by a pretrial detainee awaiting criminal trial before respondent filed an answer, because the petitioner had consented to magistrate judge jurisdiction and respondent "ha[d] not yet been served with the Petition and therefore [wa]s not a party to this proceeding"); Carter v. Valenzuela, 2012 WL 2710876, at *1 n.3 (C.D. Cal. July 9, 2012) (Case No. CV 12-5184) (citing Wilhelm and finding that the magistrate judge had the authority to deny a successive habeas petition when the petitioner had consented and respondent had not yet been served with petition); Williams v. Ahlin, 2011 WL 1549306, at *6–*7 (E.D. Cal. April 21, 2011) (Case No. 11-cv-00049) (finding that the magistrate judge had jurisdiction to dismiss a habeas action when the petitioner signed and filed a consent form, and at the time of dismissal, the named respondent had not appeared in the action).

[6] When a state pretrial detainee is challenging state court action under Section 2241, he must obtain a certificate of appealability. See Wilson v. Belleque, 554 F.3d 816, 824-25 (9th Cir. 2009).